IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| STACY LANE VANHORN, | ) | 4:03CV3336 |
| | ) | |
| Plaintiff, | ) | **MEMORANDUM** |
| v. | ) | **AND ORDER** |
| | ) | |
| NEBRASKA STATE RACING | ) | |
| COMMISSION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| DOUGLAS L. BRUNK, | ) | 4:03CV3378 |
| | ) | |
| Plaintiff, | ) | **MEMORANDUM** |
| v. | ) | **AND ORDER** |
| | ) | |
| NEBRASKA STATE RACING | ) | |
| COMMISSION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

The plaintiffs in these consolidated cases, Dr. Stacy Lane VanHorn and Dr. Douglas L. Brunk, are licensed veterinarians in the State of Nebraska who claim that they were denied due process when they were disciplined by the Nebraska State Racing Commission and not permitted to treat racehorses. They seek declaratory and injunctive relief under 42 U.S.C. § 1983 against the Commission's executive secretary, Dennis Oelschlager, and its three members, Dennis P. Lee, Janell Beveridge, and Bob Volk, all of whom are sued in their official capacities only.[1] The

---

[1] The Commission has been dismissed from the action on Eleventh Amendment immunity grounds. All individual capacity claims against the executive secretary and commissioners have been dismissed on grounds of absolute, quasi-judicial immunity, and for other reasons.

defendants have moved for summary judgment, contending that the plaintiffs' claims are barred by the doctrine of res judicata.  The motions will be granted.

## I.  DISCUSSION

The res judicata effect of state-court decisions in § 1983 actions is a matter of state law.  *Heck v. Humphrey*, 512 U.S. 477, 480 (1994).  Under Nebraska law, "[t]he doctrine of res judicata, or claim preclusion, bars the relitigation of a matter that has been directly addressed or necessarily included in a former adjudication if (1) the former judgment was rendered by a court of competent jurisdiction, (2) the former judgment was a final judgment, (3) the former judgment was on the merits, and (4) the same parties or their privies were involved in both actions."  *Eicher v. Mid America Financial Inv. Corp.*, 702 N.W.2d 792, 809 (Neb. 2005).  "The doctrine bars relitigation not only of those matters actually litigated, but also of those matters which might have been litigated in the prior action."  *Id.*

### A.  The State Court Proceedings

Administrative complaints were filed against the plaintiffs on January 2, 2002, and, as a result, they were not granted licenses by the Commission for the 2002 racing season.  On December 31, 2002, following a hearing, the plaintiffs were found guilty of numerous rules violations.  They were each fined $2,000 and declared ineligible for licensing by the Commission until January 1, 2006.

The plaintiffs appealed the Commission's decision on January 23, 2003, pursuant to the Nebraska Administrative Procedure Act, by filing petitions for further review in the District Court of Lancaster County, Nebraska.[2]  The plaintiffs alleged,

---

[2] In 1989, the standard of review under the Nebraska Administrative Procedure Act was changed to "de novo on the record."  The Act now provides:

among many other things, that "[t]he Commission's actions are in violation of constitutional provisions of due process[.]"  (Case No. 4:03CV3336, Filing 151-3, Attach. 2, at CM/ECF p. 5, ¶ 6n; Case No. 4:03CV3378, Filing 111-2, Attach. 1, at CM/ECF p. 3, ¶ 6m.)  On May 20, 2003, following a consolidated bench trial, the

---

(5)(a) When the petition instituting proceedings for review was filed in the district court before July 1, 1989, the review shall be conducted by the court without a jury on the record of the agency, and review may not be obtained of any issue that was not raised before the agency unless such issue involves one of the grounds for reversal or modification enumerated in subdivision (6)(a) of this section. When the petition instituting proceedings for review is filed in the district court on or after July 1, 1989, the review shall be conducted by the court without a jury de novo on the record of the agency.

\* \* \*

(6)(a) When the petition instituting proceedings for review was filed in the district court before July 1, 1989, the court may affirm the decision of the agency or remand the case for further proceedings, or it may reverse or modify the decision if the substantial rights of the petitioner may have been prejudiced because the agency decision is:

(i)     In violation of constitutional provisions;
(ii)    In excess of the statutory authority or jurisdiction of the agency;
(iii)   Made upon unlawful procedure;
(iv)    Affected by other error of law;
(v)     Unsupported by competent, material, and substantial evidence in view of the entire record as made on review; or
(vi)    Arbitrary or capricious.

(b) When the petition instituting proceedings for review is filed in the district court on or after July 1, 1989, the court may affirm, reverse, or modify the decision of the agency or remand the case for further proceedings.

Neb. Rev. Stat. § 84-917 (West, WESTLAW through 2007 legislation).

Lancaster County District Court found that VanHorn and Brunk had failed to properly handle, package, and report medications, but that there was not sufficient evidence to support the other charges made against them. The plaintiffs' due process claims were not addressed.[3] The district court's judgment upheld the plaintiffs' fines, but it shortened VanHorn's period of ineligibility for licensing to July 1, 2003, and Brunk's to July 1, 2004.

The Commission then appealed.[4] On July 22, 2005, the Nebraska Supreme Court affirmed the district court's judgment as to VanHorn in all respects, and affirmed the judgment as to Brunk in all respects except one, with the Supreme Court finding sufficient evidence to support a charge that Brunk had failed to cooperate during the Commission's investigation; because of this error, the Nebraska Supreme Court modified the judgment to extend the end-date for Brunk's licensing ineligibility by 6 months, until January 1, 2005. *See Brunk v. Nebraska State Racing Com'n, 700 N.W.2d 594, 608 (Neb. 2005).*

## B.   The Federal Court Actions

The present actions were filed while the Commission's appeal was pending.[5] The plaintiffs allege that their due process rights were violated when the Commission took disciplinary action and refused to issue them licenses in 2002. In particular, it is alleged in each case as a "first cause of action" that:

---

[3] Although the defendants also argue that collateral estoppel applies because the plaintiffs alleged in state court that they were denied due process, the doctrine does not apply if the identical issue was not decided in the prior action. *See Petska v. Olson Gravel, Inc., 500 N.W.2d 828, 834 (Neb.1993).*

[4] The plaintiffs did not assign as error on cross-appeal the district court's failure to address their due process claims.

[5] VanHorn's case was filed on September 15, 2003. Brunk's case was filed on October 23, 2003.

The Racing Commission, Lee, Beveridge, Volk, and Oelschlager, refused to produce reports of the investigators pursuant to a motion to compel filed by the Plaintiff denying Plaintiff an explanation of the evidence to be used against him.

The Racing Commission and it's [sic] members, Defendant Lee, Defendant Beveridge, Defendant Volk, and Defendant Oelschlager denied the Plaintiff a license in the year 2002 without giving him notice or any meaningful opportunity to be heard and requiring him to "show cause why he should not be denied" a license.

Defendant Oelschlager, by providing in advance of the hearing to The [sic] Racing Commission and it's [sic] members, Defendants Lee, Beveridge and Volk evidence regarding the case violated the Plaintiff's right to due process by denying him a fair and neutral fact finder.

Defendant Oelschlager and Defendant Lee were without statutory or other authority to authorize any Racing Commission employee to grant immunity to witnesses, thereby denying Plaintiff due process.

(Case No. 4:03CV3336, Filing 52, at CM/ECF pp. 15-16, ¶¶ 47-50 (paragraph numbering omitted); Case No. 4:03CV3378, Filing 20, at CM/ECF pp. 15-16, ¶¶ 44-47 (paragraph numbering omitted).)

In addition, VanHorn (but not Brunk) claims that he was denied due process in 2003 and 2004 when the Commission failed and refused to issue him a license after his period of ineligibility had been lifted by the Lancaster County District Court. In an amended complaint filed on March 10, 2004, VanHorn alleges:

On July 2, 2003, the Plaintiff applied for a racing license, pursuant to the order of the Lancaster County Court wherein it stated that Plaintiff was eligible for licensing by the Racing Commission as of July 1, 2003.

On July 3, 2003, the Plaintiff received a letter from Defendant Oelschlager advising him that he was holding the Plaintiff's application

5

for further investigation pursuant to the authority granted him in Title 294 Neb. Admin. Code § 10.005. Plaintiff was also informed by Defendant Oelschlager that the Racing Commission would handle the investigation and decision on his application in an expedient manner.

On July 17, 2003, Defendant Oelschlager informed the Plaintiff that his application for a 2003 license and temporary license was being held for further investigation. In that letter, Defendant Oelschlager informed Plaintiff that information that was available for discovery or actually known to the Racing Commission and it's [sic] members Defendants Lee, Beveridge and Volk at the time of his hearing on the 2002 Complaint was now being utilized by the Racing Commission in it's [sic] decision on his 2003 application.

Defendants set the Plaintiff's application for a temporary license for hearing on September 22, 2003, well after the last day of the 2003 racing season effectively depriving him of any chance of practicing his race track profession during the 2003 racing season.

Defendant Oelschlager, while a paid employee of the Racing Commission, accepted a job as a Steward at Hooiser Park, a race track located in Indiana. Defendant Oelschlager assumed this position on or about August 29, 2003. This outside employment has cause [sic] a delay and unfairly prejudiced the Plaintiff's ability to obtain a timely investigation and decision on his 2003 application.

In September of 2003, the Racing Commission, through it's [sic] agent Defendant Oelschlager contacted an individual, in an attempt to secure his testimony against the Plaintiff at the hearing on Plaintiff's 2003 application. When the individual refused to testify, Defendant Oelschlager offered the individual a letter of recommendation for licensure in exchange for his testimony against the Plaintiff. Such tactics violate the Plaintiff's rights to due process. The Racing Commission, through it's [sic] agents and representative have made similar attempts of coercion and bullying with other witnesses during their investigation of the Plaintiff. Such tactics violate due process.

6

Any attempt by the Defendants Oelschlager, Lee, Beveridge and Volk, to deny Plaintiff a license or temporary license based on any actions or information that accrued on or before November 25, 2002, the last date of the hearings conducted by the Racing Commission on the Complaint filed against the Plaintiff in January of 2002, which the Defendants had or should have had knowledge of is improper and violates Plaintiff's right to due process.

On February 9, 2004, the Plaintiff applied for a racing license, pursuant to the order of the Lancaster County Court wherein it stated that Plaintiff was eligible for licensing by the Racing Commission as of July 1, 2003.

On February 10, 2004, the Plaintiff received a letter from Patrick T. O'Brien, Attorney for the Racing Commission, advising him that his license application would be referred to the Nebraska Racing Commission. Mr. O'Brien also informed the Plaintiff that he would be submitting a motion to the Racing Commission to defer any hearings or other actions in response to Plaintiff's application until a decision had been made by the Nebraska Court of Appeals.

Defendants have yet to set the Plaintiff's application for a license for a hearing.

(Case No. 4:03CV3336, Filing 52, at CM/ECF pp. 18-20, ¶¶ 56-65 (paragraph numbering omitted).)

Evidence presented by the defendants in support of an earlier motion for summary judgment (claiming mootness) shows that VanHorn was not licensed in 2004, but that he was granted a temporary license on July 22, 2005, upon the issuance of the Nebraska Supreme Court's opinion affirming the judgment of May 20, 2003. VanHorn was also licensed during 2006 and 2007.

7

### C. Claim Preclusion

The plaintiffs do not dispute that due process claims can be raised on judicial review under the Nebraska Administrative Procedure Act.[6]   The plaintiffs instead argue that their due process claims are not precluded by the state court proceedings because the claims are supported by certain evidence that was not made part of the administrative record and therefore could not have been presented to the state courts in connection with the plaintiffs' petitions for further review of the agency decision. "The [Nebraska] APA does not authorize a district court reviewing the decision of an administrative agency to receive additional evidence, whether by judicial notice or other means."   *Betterman v. State*, 728 N.W.2d 570, 583 (Neb. 2007).

Specifically, the plaintiffs contend there is evidence, in the form of documents and deposition testimony, which establishes that the commissioners prejudged the plaintiffs' guilt and issued their decision without ever deliberating.  (*See* Case No. 4:03CV3336, Filing 154, at CM/ECF pp. 2-3, ¶¶ 3-4; Case No. 4:03CV3378, Filing 114, at CM/ECF pp. 2-3, ¶¶ 3-4.)  The plaintiffs also contend there is evidence that the prosecuting attorney was present when the commissioners met in executive session to discuss the charges against the plaintiffs.  (*See* Case No. 4:03CV3336, Filing 154, at CM/ECF p. 4, ¶ 5; Case No. 4:03CV3378, Filing 114, at CM/ECF p.

---

[6] For petitions filed before July 1, 1989, the Act specifically provides that a court "may reverse or modify the [agency] decision if the substantial rights of the petitioner may have been prejudiced because the agency decision is . . . [i]n violation of constitutional provisions[.]" Neb. Rev. Stat. § 84-917(6)(a)(i) (West, WESTLAW through 2007 legislation).  This provision, however, acted as a limitation on the court's power of review, which was conducted "on the record of the agency."  *See Zwygart v. State Bd. of Public Accountancy*, 699 N.W.2d 362, 366 (Neb. 2005) (section 84-917(6)(a) "limits the district court's review for a review proceeding commenced before July 1, 1989.").  For petitions filed on or after July 1, 1989, the Act more broadly provides that "the review shall be conducted by the court without a jury *de novo* on the record of the agency."  Neb. Rev. Stat. § 84-917(5)(a) (West, WESTLAW through 2007 legislation) (emphasis supplied).

8

4, ¶ 5).  These claimed due process violations are not alleged in the four paragraphs that comprise the "first cause of action" of the plaintiffs' amended complaints.

The plaintiffs allege in the "first cause of action" that Oelschlager denied them due process by providing evidence to the commissioners in advance of the hearing, but this narrow allegation does not fairly encompass the claims described above.  It must be noted, however, that elsewhere in the amended complaints it is alleged that "[a]t the time of the hearing conducted on September 24, September 25, October 22 and November 25, 2002, The [sic] Racing Commission, Defendant Lee, Defendant Beveridge and Defendant Volk had already predetermined the outcome of said Complaint, thereby denying the Plaintiff due process[,]" and the commissioners "did not engage in any significant deliberations and did not review substantial evidence presented by the Plaintiff."  (Case No. 4:03CV3336, Filing 52, at CM/ECF pp. 10-12, ¶¶ 32, 40; Case No. 4:03CV3378, Filing 20, at CM/ECF pp. 10-12, ¶¶ 29, 37.)

"The pleading rules in the federal courts are very liberal and Federal Rule of Civil Procedure 15 contemplates that courts should allow pleadings to be amended if it is necessary to further justice and will not prejudice the parties."  *Shen v. Leo A. Daly Co.*, 222 F.3d 472, 478-79 (8th Cir. 2000).  Furthermore, Rule 15(b) provides that "[w]hen issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings."  Fed. R. Civ. P. 15(b).  "Consent may be implied if evidence to support the claim was introduced at trial without objection."  *Shen*, 222 F.3d at 479.

The defendants have not objected to any of the evidence presented by the plaintiffs in opposition to the motions for summary judgment, nor do they argue that the due process claims which are discussed in paragraphs 3, 4, and 5 of the statement of facts set forth in the plaintiffs' briefs are beyond the scope of the pleadings.  In any event, it does not appear that the defendants will be prejudiced if the plaintiffs are permitted to pursue these three claims.  Therefore, liberally construing the amended complaints, and in an effort to resolve this matter without further delay, I find the

plaintiffs to be claiming that the commissioners (Lee, Beveridge, and Volk) violated the plaintiffs' rights to due process during their 2002 disciplinary actions (1) "by prejudging the Plaintiffs' guilt before any hearing[,]" (2) "by rendering a decision without consulting and voting upon the issues and in not holding deliberations for the purpose of rendering a decision," and (3) "by having the prosecuting attorney present during executive sessions of the [C]ommission while discussing the complaints against the Plaintiff[s.]" (Case No. 4:03CV3336, Filing 154, at CM/ECF p. 8; Case No. 4:03CV3378, Filing 114, at CM/ECF p. 8.)

The plaintiffs have not presented an affidavit to establish that they were unable to make a record before the Commission regarding these three claims, nor regarding the closely related claim that Oelschlager provided evidence to the commissioners in advance of the hearing.  *See* Fed.R.Civ.P. 56(e)(2) ("When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must—by affidavits or as otherwise provided in this rule—set out specific facts showing a genuine issue for trial.").  Additionally, even if it might be assumed that the plaintiffs were unaware of these alleged due process violations while their cases were still pending before the Commission, I conclude that these four claims cannot now be pursued in a § 1983 action for declaratory and injunctive relief.

The four claims are concerned only with the commissioners' decisional process in finding that the plaintiffs were guilty of various rules violations and in imposing fines and penalties.  Even accepting as true the allegations that the commissioners prejudged the plaintiffs' guilt, failed to deliberate, had ex parte contact with the prosecuting attorney, and received evidence outside the hearing from the executive secretary, the plaintiffs cannot obtain declaratory or injunctive relief in this action because the disciplinary matters were reviewed *de novo* by the Lancaster County District Court.  The district court was "required to make independent factual determinations based upon the record, and the court reache[d] its own independent conclusions with respect to the matters at issue."  *Schwarting v. Nebraska Liquor*

10

*Control Com'n*, 711 N.W.2d 556, 561 (Neb. 2006).[7]  In effect, the Commission's decision was nullified by the district court action.  Indeed, the district court's order specifically provides, as to each plaintiff, that the court's "findings of fact and conclusions of law are adopted in the stead of those contained in the Commission order." (Case No. 4:03CV3336, Filing 151-4, Attach. 3, at CM/ECF p. 15; Case No. 4:03CV3378, Filing 111-4, Attach. 3, at CM/ECF p. 14.) Under these circumstances, because of the intervening state court action, the plaintiffs' allegations that the commissioners were not fair and impartial simply fail to state a claim upon which relief can be granted.  *See JCB Enterprises, Inc. v. Nebraska Liquor Control Com'n*, 275 Neb. 797, ___ N.W.2d ____ 2008 WL 2231217, *6 (Neb. May 30, 2008) (finding that any procedural irregularities before commission were cured when district court ignored unsworn, ex parte comments in its de novo review of the record); *MAPCO Ammonia Pipeline v. State Bd. of Equal.*, 494 N.W.2d 535, 537 (1993) (stating that although board erred in failing to consider all evidence, that error was cured by appellate court's de novo review of the record).

The plaintiffs have made no showing that additional evidence was needed to establish any other claims that are alleged with respect to the disciplinary actions or to the denial of licensing in 2002 (*i.e.*, the three remaining allegations of the "first cause of action" of each amended complaint).  The record establishes, in fact, that the plaintiffs were aware of each these due process claims.  They obviously had first-hand

---

[7] "The district court is not required to give deference to the findings of fact made by the Commission, but it may consider the fact that the Commission, sitting as the trier of fact, saw and heard the witnesses and observed their demeanor while testifying and may give weight to the Commission's judgment as to credibility." *Schwarting*, 711 N.W.2d at 561.  Here, however, the district court made clear in its decision that there was only one "instance where the Commission was faced with directly opposing first-hand testimony where accepting both versions of the evidence was impossible." (Case No. 4:03CV3336, Filing 151-4, Attach. 3, at CM/ECF p. 11, n. 7; Case No. 4:03CV3378, Filing 111-4, Attach. 3, at CM/ECF p. 11, n. 7.)  In that one instance (involving competing expert testimony), the district court rejected the Commission's finding of fact.  The district court's finding was upheld on appeal.

knowledge that the commissioners refused to produce reports pursuant to a motion to compel, and the Commission's orders denying them access to investigative reports are on file.  (Case No. 4:03CV3336, Filing 75-3, Attach. 2, at CM/ECF p. 16; Case No. 4:03CV3378, Filing 36-7, Attach. 6, at CM/ECF p. 18.)  The plaintiffs also knew that they were not granted licenses in 2002.  VanHorn even argued in his brief to the Lancaster County District Court that Oelschlager "wrote the DVMs [VanHorn and Brunk] and told them that not only would any application for a license be denied but that the 'burden of proof' of why they should be granted a license would be on them. This is not only a violation of constitutional due process, but [it] illustrates the mindset of the investigators."  (Case No. 4:03CV3336, Filing 151-5, Attach. 4, at CM/ECF p. 6.)  Similarly, the plaintiffs knew that witnesses had been granted immunity, as demonstrated by VanHorn's argument to the state court that "[i]n the fall of 2001, investigators of the Nebraska Racing Commission approached trainers Bob Rising and Ray Pallas and reportedly 'granted them immunity' in exchange for testimony against Dr. VanHorn. . . .  There is absolutely no legal authority for the Commission to offer 'immunity to anyone.'" (*Id.*, at pp. 13-14.)  On appeal, the Nebraska Supreme Court also noted that "[f]our trainers were granted immunity in exchange for their truthfulness during interviews regarding the investigation." *Brunk,* 700 N.W.2d at 598.  I find that res judicata applies to all of these claims.

Finally, VanHorn also alleges that he was denied due process when he was not issued a license in 2003 or 2004.  Because these claims concern events that occurred after the Lancaster County District Court entered its judgment on May 23, 2003, they are not barred by the doctrine of res judicata.  Once again, however, I conclude that the claims fail as a matter of law.

Under Neb. Rev. Stat. § 25-21,213, "when the State is a party, no appeal or supersedeas bond is required and the filing of a notice of intention to appeal operates as a supersedeas." *VanHorn v. Nebraska State Racing Com'n,* 732 N.W.2d 651, 655 (Neb. 2007) (affirming denial of post-appeal applications filed by VanHorn and Brunk to recover damages for lost income during the Commission's appeal).  As a

matter of law, VanHorn was not eligible for licensing during 2003 and 2004 because the Commission's order remained in effect until the Nebraska Supreme Court issued its opinion on July 22, 2005. Allegations that Oelschlager held up VanHorn's 2003 application for further investigation are therefore immaterial. The Commission's action in filing an appeal did not violate VanHorn's due process rights.

## II. CONCLUSION

VanHorn and Brunk are not entitled to declaratory or injunctive relief on their claims that the commissioners were not fair and impartial because the Commission's decision was supplanted by the Lancaster County District Court's judgment, as modified by the Nebraska Supreme Court. VanHorn is not entitled to relief on his due process claims regarding the Commission's failure or refusal to grant him a license in 2003 and 2004 because, pursuant to Nebraska law, the Commission's December 31, 2002 decision that he was ineligible for licensing remained in effect until July 22, 2005. The plaintiffs' other due process claims are all barred by the doctrine of res judicata.

Accordingly,

IT IS ORDERED that the defendants' motions for summary judgment (Case No. 4:03CV3336, Filing 149; Case No. 4:03CV3378, Filing 109) are granted. Final judgment will be entered by separate document.

June 6, 2008.                           BY THE COURT:

                                        s/ *Richard G. Kopf*
                                        United States District Judge

13